Eastern District of Kentucky
**FILED**
DEC 1 5 2010
AT LEXINGTON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CRIMINAL MINUTES - GENERAL

_Lexington_   Case No. _09-181-KKC-S-1,2,4_      At _Lexington_      Date _12/15/2010_

U.S.A. vs _Bryan Coffman (1)_      __present __custody ___bond ___x_ OR
        _Megan Coffman (2)_      __present __custody __bond ___x_ OR
        _Gary Milby (4)_          __present __custody __bond ___x_ OR

PRESENT:     HON. ____KKC____ , U.S. DISTRICT JUDGE
                    Karen K. Caldwell

_Genia L. Denisio_     _Rhonda Sansom_     _Kenneth Taylor_
Deputy Clerk           Court Reporter      Assistant U.S. Attorney

Counsel for Defendant Bryan Coffman:  _Steven Rush Romines_   _x_ present ___appointed   _x_ retained
Counsel for Defendant Megan Coffman: _Patrick J. Renn_       _x_ present ___appointed   _x_ retained
Counsel for Defendant Gary Milby:    _Robert Michael Murphy_ _x_ present _x_ appointed  __retained

PROCEEDINGS:     **TELEPHONIC STATUS CONFERENCE**

        This matter was called for a Telephonic Status Conference.  Parties appeared as noted. Defendants Bryan Coffman, Megan Coffman and Gary Milby were not required to participate and chose not to appear.

        The Government represented to the Court that the green-coded documents that the prosecution anticipates offering into evidence at trial have been disclosed to the defendants and all parties acknowledged receipt of the same via a PDF document.  The parties advised the Court that they anticipate that they will be ready to proceed at the Evidentiary Hearing scheduled on February 28, 2011.

        The Court, having heard statements of counsel as to the procedures for the Evidentiary Hearing, **HEREBY ORDERS** as follows:

    (1)     No later than **February 14, 2011**, the defendants **SHALL** provide written notice to the Government, identifying by page number of the PDF document which of the green-coded documents that the prosecution anticipates offering into evidence at trial are actually privileged and why.

    (2)     The Evidentiary Hearing remains scheduled for **February 28, 2011 at 9:00a.m.** in Lexington, Kentucky to allow the defense to assert the attorney-client or work product privileges with respect to those green-coded documents that the prosecution anticipates offering into evidence at trial. Further, since the Government previously stated that the prosecution team is interested in seeing the yellow-coded documents, the defense will also have to assert the attorney-client or work product privileges with respect to these documents.  If the defense cannot prove to the Court, outside the presence of the prosecution, that a yellow-coded document is privileged, it must be disclosed to the prosecution.

    (3)     This matter is assigned for a **JURY TRIAL on April 18, 2011 at 9:00a.m. in Lexington, Kentucky.** The Court will set aside four (4) weeks for trial.

    (4)     **The Court finds that the time between December 15, 2010 and April 18, 2011 is excluded under the Speedy Trial Act.**  Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by the continuance of the date of trial outweigh the best interests of the public and the defendants in a speedy trial.  Specifically, the Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), that this case is so complex due to the nature of the prosecution, the number of defendants, and the amount of discovery involved, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  The complexity of this case is further illustrated by the time required for the Defendants to review the thousands of pages of green-coded documents that the prosecution

anticipates offering into evidence at trial, formulate objections to their use at trial, and articulate these objections at an Evidentiary Hearing on this issue.  The Court further finds that a failure to grant such a continuance would result in a miscarriage of justice and would deny the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court also finds, pursuant to 18 U.S.C. § 3161(h)(6), that since all defendants are joined for trial and no motion for severance has been granted, the period of time between December 15, 2010 and April 18, 2011 is declared excludable time under the Speedy Trial Act as to all defendants.

(5)   Defendant Milby's May 24, 2010 Oral Motion for Enforcement of the Court's Order of 2/12/2010 (*See* DE 73) is **DENIED AS MOOT**.  However, Defendant Milby has **LEAVE OF THE COURT** to file a written motion clarifying both this issue and the allegedly unresolved Hunter Durham issue that Defendant Milby referred to in a perfunctory manner in his previous motion to join in his co-defendants' motions (DE 119).  Any such motion **SHALL** be filed on or before **January 14, 2011.**

TIC:31 min                                                                           Initials of Deputy Clerk <u>gld</u>